**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANNA THERESA BALASH,
Trustee not individually for
AB REVOCABLE LIVING TRUST

                      Plaintiff,                1:23-cv-00614 (AMN/DJS)

     v.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for the Holders of the Specialty
Underwriting and Residential Finance Trust,
Mortgage Loan Asset-Backed Certificates Series
2006-BC1,

                      Defendant.

**APPEARANCES:**                **OF COUNSEL:**

**ANNA THERESA BALASH**
21-08 30th Avenue
Astoria, New York 11102
Plaintiff, *pro se*

**FRIEDMAN VARTOLO LLP**        **QUENTEN E. GILLIAM, ESQ.**
85 Broad Street – Suite 501        **SEAN K. MONAHAN, ESQ.**
New York, New York 10004
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

      On May 22, 2023, Plaintiff *pro se* Anna Theresa Balash ("Plaintiff") commenced this

diversity action against Defendant U.S. Bank National Association, as Trustee for the Holders of

the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed

Certificates Series 2006-BC1 ("Defendant"), in connection with an underlying state court

foreclosure action (the "State Court Action").  Dkt. No. 1 ("Complaint"); Dkt. No. 2 ("Notice of Pendency").  Presently before the Court is Defendant's motion to dismiss the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12").  Dkt. No. 25 (the "Motion"). Plaintiff filed papers in opposition and moved to strike the Motion, Dkt. No. 21, and Defendant filed reply papers in further support, Dkt. No. 22.

For the reasons set forth below, the Motion is granted.

## II.  BACKGROUND

The following facts are drawn from the Complaint unless otherwise noted and are assumed to be true for purposes of ruling on the Motion.  *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*).

### A.  The Parties

Plaintiff is the "successor, heir, and surviving spouse" of an individual who, in 2005, executed a promissory note and granted a mortgage on real property in Columbia County, New York (the "Property").  Dkt. No. 1 ¶¶ 1, 13; Dkt. No. 15-9.  Plaintiff seeks to appear in several capacities in this action, primarily as trustee of a revocable trust she established in November 2022, and alleges that she is a New York citizen.  Dkt. No. 1 at ¶¶ 13, 15–17.

Defendant is the successor in interest to the original noteholder and is alleged to be a Delaware citizen.  Dkt. No. 1 at ¶¶ 7, 14.  In February 2012, Defendant commenced an action to foreclose on the Property in New York State Supreme Court, Columbia County.  *U.S. Bank Nat'l Ass'n v. Ioannides*, No. 4116/2012, N.Y. Sup. Ct. Columbia Cty. (the "State Court Action"); Dkt. No. 15-9.[1]  The state court entered a judgment of foreclosure and sale of the Property in January

---

[1] The State Court Action and judgment therein are referenced within the Complaint, *see, e.g.,* Dkt. No. 1 at ¶ 17, and, in any event, appropriate for judicial notice.  *See, e.g., Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020) (summary order).

2018.  Dkt. No. 15-9 at 12–19.[2]

### B. Plaintiff's Allegations

The thrust of Plaintiff's allegations is that the judgment in the State Court Action should be overturned.[3]  Dkt. No. 1 at ¶¶ 1–12, 18.  More specifically, she purports to seek a declaratory judgment "to satisfy the rights and equitable remedies of the parties" and to find the judgment in the State Court Action "invalid."  *Id.* at ¶¶ 21, 44.

## III.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).   This presumption, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted).  Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

[3] Plaintiff previously, and improperly, sought to remove the state court foreclosure action in a related federal action which this Court ordered remanded, to the extent remand was necessary.  *See Balash v. U.S. Bank Nat'l Ass'n*, No. 23-cv-233, Dkt. No. 9 (N.D.N.Y. Mar. 8, 2023), *appeal dismissed*, No. 23-396 (2d Cir. May 11, 2023).

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV.     DISCUSSION

Defendant argues in its Motion that: (i) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, Dkt. No. 15-16 at 9–11; (ii) the Court lacks subject matter jurisdiction under *Younger* abstention, *id.* at 11–12 ; (iii) *res judicata* bars Plaintiff's claims, *id.* at 12–14; (iv) collateral estoppel bars Plaintiff's claims, *id.* at 14–15; (v) the Complaint fails to state a claim upon which relief can be granted, *id.* at 15–16; and (vi) the notice of pendency should be canceled, *id.* at 16.  Plaintiff does not squarely respond to these arguments in her opposition,[4] and

---

[4] Although Plaintiff's opposition papers are untimely—despite receiving an extension to file them—the Court nonetheless considers them given her *pro se* status.  Dkt. Nos. 18–19, 21.

instead makes various other arguments. *See generally* Dkt. No. 21. In reply, Defendant also argues that Plaintiff's motion to strike is meritless and untimely. Dkt. No. 22 at 6.

While many of Defendant's arguments are persuasive, the Court need only address the threshold issue of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.") (citations omitted). The Court agrees with Defendant that the *Rooker-Feldman* doctrine bars Plaintiff's claims. *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases."); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). There are four requirements for the doctrine to apply: "(1) 'the federal-court plaintiff must have lost in state court[;]' (2) 'the plaintiff must complain of injuries caused by a state-court judgment[;]' (3) 'the plaintiff must invite district court review and rejection of that judgment[;]' and (4) 'the state-court judgment must have been rendered before the district court proceedings commenced.'" *Dorce*, 2 F.4th at 101 (alterations in original) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).

Here, all four requirements are satisfied. First, Plaintiff is the "successor, heir, and surviving spouse" of the named defendant who received an adverse judgment in the State Court Action, Dkt. No. 1 at 1; Plaintiff appeared in the State Court Action, *see id.* at 12–16; and, further, Plaintiff has already filed an appeal of the adverse judgment in the State Court Action, *see id.* at

81–88.  *See also Dorce*, 2 F.4th at 102 ("The mere fact that Plaintiffs were not named parties to the state action against the property does not abrogate the operation of *Rooker-Feldman*."). Second, Plaintiff's claims here relate entirely to the adverse judgment in the State Court Action. Dkt. 1 at ¶¶ 1–12.  Third, Plaintiff requests that this Court review and reject the judgment in the State Court Action.  *Id.* at ¶¶ 21, 44.  Fourth, Plaintiff did not commence this action until May 2023, more than five years after the rendering of judgment in the State Court Action in January 2018. Dkt. No. 15-9.  Because the *Rooker-Feldman* doctrine applies to Plaintiff's claims, the Court finds it lacks subject matter jurisdiction to hear them.  Further, because the action is subject to dismissal, the Court finds that the Notice of Pendency should be canceled.  *See* Dkt. No. 15-16 at 16; N.Y. C.P.L.R. § 6514.  Accordingly, the Court grants these portions of the Motion.

The Court has carefully considered whether to grant leave to amend the Complaint, given Plaintiff's *pro se* status.  *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, the Court finds that amendment would be futile because the lack of subject matter jurisdiction here is a substantive defect which cannot be cured with better pleading.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff]'s causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied."); *Planck v. Schenectady Cnty.*, No. 12-cv-0336, 2012 WL 1977972, at *6 (N.D.N.Y. June 1, 2012) (denying *pro se* plaintiff leave to amend because "lack of subject-matter jurisdiction is generally viewed as a substantive defect"); *see also Balash-Ioannidou v. Contour Mortgage Corp.*, No. 22-cv-4506, 2022 WL 3358082, at *3 (E.D.N.Y. Aug. 15, 2022) (dismissing Plaintiff's complaint without prejudice and without leave to amend because "amendment would be futile") (citation omitted).

As for Plaintiff's cross-motion to strike the Motion, the Court finds this request to be meritless, largely for the reasons stated in Defendant's brief.  Dkt. No. 22 at 6.  This portion of the Motion is thus also granted, and Plaintiff's request is denied.  Finally, while Plaintiff is not proceeding *in forma pauperis* in this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any *in forma pauperis* appeal from this decision would not be taken in good faith.

## V.      CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss, Dkt. No. 15, is **GRANTED** to the extent set forth in Section IV of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's motion to strike, Dkt. No. 21, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's notice of pendency, Dkt. No. 2, is **CANCELED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules[5] and close the case.

**IT IS SO ORDERED.**

Dated: <u>August 15, 2024</u>
        Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[5] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.